IN THE CIRCUIT COURT OF THE
TWENTIETH JUDICIAL CIRCUIT IN AND
FOR LEE COUNTY, FLORIDA

MAURICIO MARTINEZ, DMD, PA d/b/a
GULF COAST SMILES
             Plaintiff,

vs.                                          CASE NUMBER:

ALLIED INSURANCE COMPANY OF
AMERICA,
             Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiff, MAURICIO MARTINEZ, DMD, PA d/b/a GULF COAST SMILES, by and through his undersigned attorneys, and sues the Defendant, ALLIED INSURANCE COMPANY OF AMERICA, and alleges as follows:

### GENERAL ALLEGATIONS

1. This is an action for damages that exceed $30,000.00, exclusive of interest, attorney's fees and costs.

2. This is an action for declaratory relief pursuant to §86.011, Fla. Stat., for the purposes of determining an actual controversy between Plaintiff and Defendant with respect to the Plaintiff's claim for insurance coverage from Defendant and Defendant's failure to cover said claim.

3. On or about March, 2020, Defendant, ALLIED INSURANCE COMPANY OF AMERICA, is and at all times herein mentioned was a corporation duly organized and existing under the laws of the State of Ohio and duly authorized and licensed to write and issue insurance policies in the State of Florida, with agents located in Lee County, Florida.

4. Plaintiff's business is duly organized and incorporated in the State of Florida licensed to do business as a general dentistry practice.

5. Plaintiff's business is located at 4905 Chiquita Blvd., Suite 104, Cape Coral, Florida 33914. Payment from the Defendant toward any claim would occur here in Lee County, Florida therefore Lee County, Florida is the proper venue.

6. Defendant issued the following relevant policies of Commercial Insurance to the Plaintiff:

   | **Policy No.** | **Policy Period** |
   |---|---|
   | • ACP BPOL3018931337 | 09/28/2019 – 09/28/2020 |

7. Prior to bringing this Compliant, Plaintiff has performed and/or otherwise satisfied all those matters and things required of them to prosecute this action, including the satisfaction of all "conditions precedent" thereto, or, alternatively, has been excused from performative of the same by Defendant's acts, representations or conduct.

## COUNT I
## BREACH OF CONTRACT

8. The Plaintiff realleges and incorporates by reference the allegations in paragraphs 1-7 above as if fully set forth herein.

9. On or prior to March 23, 2020, Plaintiff procured and paid premiums to Defendant for a commercial package insurance bearing policy number ACP 30-1-8931337, a copy which is attached hereto as Exhibit A.

10. The policy at issue contains a provision for business interruption which reads as follows: "We will pay for the actual loss of "business income" you sustain due to the necessary suspension of your "operations" during the "period of restoration".

      The suspension must be caused by direct physical loss of or damage to property at the described premises. The loss or damage must be caused by or result from a Covered Cause of Loss…"

11.   The policy at issue contains a provision for civil authority which reads as "When a Covered Cause of Loss causes damage to property other than property at the described premises, we will pay for the actual loss of Business Income you sustain and necessary Extra Expense caused by action of civil authority that prohibits access to the described premises, provided that both of the following apply: (1) Access to the area immediately surrounding the damages property is prohibited by civil authority as a result of the damage, and the described premises are within that area but are not more than one mile from the damages property; and (2) The action of civil authority is taken in response to dangerous physical conditions resulting from the damage or continuation of the Covered Cause of Loss that caused the damage, or the action is taken to enable a civil authority to have unimpeded access to the damage property. Civil Authority coverage for "business income" will begin 72 hours after the time of the first action of civil authority that prohibits access to the described premises and will apply for a period of up to 30 days after coverage begins. Civil Authority coverage for necessary "extra expense" will begin immediately after the time of the first action of civil authority that prohibits access to the described premises and will end: (1) 30 days after the time of that action; or (2) When your Civil Authority coverage for "business income" ends; whichever is later.

12. On or about March 2020, novel COVID-19 was identified as a severe acute respiratory illness that can spread among humans through respiratory transmission and presents with symptoms of cough, fever, and shortness of breath.

13. On or about March 1, 2020, Governor Ron DeSantis issued Executive Order number 20-51 directing the Florida Department of Health to issue a Public Health Emergency.

14. On or about March 1, 2020, the State Surgeon General and State Health Officer declared a Public Health Emergency exists in the State of Florida as a result of the COVID-19 pandemic.

15. On or about March 9, 2020, Governor Ron DeSantis issued Executive Order 20-51 declaring a state of emergency for the entire State of Florida as a result of the COVID-19 pandemic.

16. On or about March 18, 2020, President Donald J. Trump and the Centers for Medicare and Medicaid Services recommended providers limit all "non-essential" medical and surgical procedures, including dental procedures.

17. On or about March 11, 2020, COVID-19 was identified as a pandemic that plagued the world. This pandemic was airborne pathogen that was inherently dangerous and a novel plague.

18. Plaintiff's dental office was damaged since airborne particles existed in the air and the risk of the COVID-19 pandemic outweighed continued operations. Plaintiff incurred costs of decontaminating his business office and office closure. This physical damage resulted in loss of income to the business.

19. On or about March, 2020, Plaintiff incurred a severe business disruption due to damage caused by the spread of the COVID-19 pandemic.

20. On or about March, 2020, the Governor of the State of Florida issued an Executive Order limiting dental offices to emergency procedures only. See attached Exhibit B.

21. Defendant owes and is obligated to compensate Plaintiff pursuant to policy ACP 30-1-8931337.

22. On or about March, 2020, Plaintiff contacted Defendant to submit a claim for losses. His claim was denied. See attached Exhibit C.

23. Plaintiff has retained undersigned counsel to prosecute his claims and owes customary fees and costs. Plaintiff seeks all reasonable attorney's fees and costs against Defendant pursuant to Florida Statute 627.428.

24. Plaintiff reserves his ability to file for supplemental relief pursuant to policy ACP 30-1-8931337.

WHEREFORE, Plaintiff, MAURICIO MARTINEZ, DMD, PA d/b/a GULF COAST SMILES, requests the entry of a Final Judgement against Defendant, ALLIED INSURANCE COMPANY OF AMERICA, wherein the Plaintiff is awarded compensatory damages, its attorneys' fees, costs, prejudgment interest, and all other relief that this Court deems just and appropriate.

## COUNT II
## DECLARATORY JUDGEMENT

25. The Plaintiff realleges and incorporates by reference the allegations in paragraphs 1-7 above as if fully set forth herein.

26. This is an action for declaratory relief pursuant to Chapter 86, Florida Statutes, specifically §86.011, Florida Statutes.

27. There exists a *bona fide* actual, present and practical need for the declaration of those rights, coverages(s), and benefits available under the Policies of the Plaintiff. Declaratory relief in this instant is proper because the Plaintiff is in doubt about the existence of those rights, duties, coverages, and benefits under the policies, including, but not limited to, the relief, scope and amount of available coverage for these damages encompassing the breadth of the Plaintiff's claim.

28. There exists a present ascertained set of facts, and/or present controversy concerning said facts, that requires this Court's declaration of the Parties' rights and obligations under the policies.

29. Both the Plaintiff and Defendant have actual adversarial interests in the claim, which are properly before this Court.

30. The Plaintiff seeks this Court's declaration that those damages at issue in the claim constitute a covered loss under the policies, and, further, that Defendant has erroneously refused to provide all or part of the police benefits that the Plaintiff is due.

31. The plaintiff seeks this Court's declaration of the damages sought by the Plaintiff that were reported in the claim and supplemented with significant damage documentation, and, in addition, a declaration of the amount of insurance benefits due from Defendant for the damages that are at issue in the claim.

32. The plaintiff seeks this Court's declaration that it has performed and/or otherwise satisfied all state conditions under the policies, or, alternatively, has been excused from performance of the same by virtue of the acts, representations, and/or conduct of the Defendant.

33. The Plaintiff requests that this Court retain jurisdiction for supplemental relief pursuant to Section 86.061, Florida Statutes. This supplemental relief should include, but not be limited to, claims for damages and/or bad faith as appropriate.

34. The Plaintiff has complied with all conditions precedent to the filing of this lawsuit, and notwithstanding the same, Defendant has denied the claims in question, and/or has reserves its rights to deny the claims in question. Alternatively, to the extent that the Plaintiff as failed to comply with any conditions precedent, the failure to comply with the same did not prejudice and/or is in an immaterial breach of the subject contracts of insurance as such claims were or would have been denied by Defendant. Alternatively, Defendant waived any such conditions and/or are estopped from asserting any defenses related to conditions precedent. More specifically, the Plaintiff has plainly given notice of all claims which are the subject of this lawsuit to Defendant and/or its designated agents.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter an Order declaring the Parties respective rights, obligations and responsibilities under the policies, including, but not limited to, a declaration of the applicable and available coverage(s)/limits of insurance for those damages arising out of the claim, together with an award of prejudgment interest, costs, and attorney's fees, together with such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff requests a jury trial on all issues so triable.

Dated this 1 day of May, 2020.

                                          Parvey & Frankel, Attorneys, P.A.
                                          Attorneys for Plaintiff
                                          2069 First Street, Suite 100
                                          Fort Myers, FL 33993
                                          Telephone:  (239)334-0300
                                          Facsimile:  (239)334-0992


                                          ***/s/ Carlos J Cavenago, III***
BY:     Carlos J Cavenago, III, Esq.
           FLORIDA BAR No.:753955
           Primary E-mail:  Service@parveyfrankel.com
           Secondary E-mail: carlos@parveyfrankel.com