UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
DIVISION

MAURICIO MARTINEZ, DMD, PA d/b/a
GULF COAST SMILES,
        Plaintiff,

vs.                            CASE NUMBER: 2:20-cv-401-FtM-66NPM

ALLIED INSURANCE COMPANY OF
AMERICA,
        Defendant.
_____/

### MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

### BACKGROUND

Plaintiff filed a breach of contract and declaratory action in Florida State Court on May 1, 2020. On June 4, 2020, Defendant removed the action to the United States District Court Middle District of Florida Tampa Division. Plaintiff timely filed a Motion and Memorandum of law remanding the instant matter back to State Court. As of this writing, June 25, 2020, the Court has yet to render a ruling on this issue.

On June 10, 2020, Defendant filed its Motion to Dismiss Plaintiff's Complaint. This our response to same.

### STANDARD

When reviewing a Motion to Dismiss, a Court must construe Plaintiff's Complaint in the light most favorable to Plaintiff and assume the truth of Plaintiff's factual allegations. See Erickson v. Pardus, 551 U.S. 89, 93 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002) Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F. 3d 1364, 1369 (11th Cir 1997). However, pleadings that "are no more than conclusions, are not entitled to the assumption of

truth. While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 678.

## ANALYSIS

Under Florida law the elements to a breach of contract are: To recover damages from (defendant) for breach of contract, (claimant) must prove all the following:

1. (Claimant) and (defendant) entered into contract;
2. (Claimant) did all, or substantially all of the essential things which the contract required [him][it];
3. [All conditions required by the contract for (defendant's) performance has occurred];
4. (Defendant) failed to do something essential which the contract required him to do.
5. (Claimant) was damaged by that failure.

See Fla. Standard Jury Ins. 416.4 Breach of Contract-Essential Factual Elements.

In the instant matter the Plaintiff initially filed its Complaint in Florida State Court which does not have a docketed entry, therefore the Plaintiff will reference his Complaint by the paragraphs numbers applicable to address the Defendants motion:

> ¶ (9) On or prior to March 23, 2020, Plaintiff procured and paid premiums to Defendant for a commercial package insurance bearing policy number ACP 30-1-8931337, a copy which is attached hereto as Exhibit A.
>
> ¶ (10) The policy at issue contains a provision for business interruption which reads as follows: "We will pay for the actual loss of "business income" you sustain due to the necessary suspension of your "operations" during the "period of restoration". The suspension must be caused by direct physical loss of or damage to property at the

described premises. The loss or damage must be caused by or result from a Covered Cause of Loss…"

¶ (17) On or about March 11, 2020, COVID-19 was identified as a pandemic that plagued the world. This pandemic was airborne pathogen that was inherently dangerous and a novel plague.

¶ (18) Plaintiff's dental office was damaged since airborne particles existed in the air and the risk of the COVID-19 pandemic outweighed continued operations. Plaintiff incurred costs of decontaminating his business office and office closure. This physical damage resulted in loss of income to the business.

¶ (19) On or about March, 2020, Plaintiff incurred a severe business disruption due to damage caused by the spread of the COVID-19 pandemic.

¶ (21) Defendant owes and is obligated to compensate Plaintiff pursuant to policy ACP 30-1-8931337.

When deciding a motion to dismiss for failure to state a cause of action upon which relief can be granted, court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Caplan v. International Fidelity Ins. Co. ND, 902 F. Supp. 170. On a motion to dismiss for failure to state a cause of action factual allegations of the complaint are presumed true and all factual inferences must be drawn in plaintiff's favor and against Defendants, and court may not dismiss complaint unless movant demonstrates beyond a doubt that plaintiff can prove no set of facts in support of claim which would entitle him to relief.

Here the Defendant hasn't established beyond a doubt that a breach of contract nor declaratory action should be litigated. The Plaintiff asserts that these matters are well plead and therefore the Defendant's Motion should be denied.

This response does not waive Plaintiff's right to seek remand to Florida State Court, 20th Judicial Circuit.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which will send a notice of electronic filing to the following to: THOMAS A. KELLER, ESQ., tkeller@butler.legal, , this 25 day of June, 2020

        Parvey & Frankel Attorneys, P.A.
        Attorneys for Plaintiff
        2069 First Street, Suite 100
        Fort Myers, FL 33993
        Telephone:  (239)334-0300
        Facsimile:  (239)334-0992

        _/s/ *Carlos J Cavenago*_
BY:   Carlos J Cavenago, III, Esq.
        FLORIDA BAR No.: 753955
        Primary E-mail:  Service@parveyfrankel.com
        Secondary E-mail: carlos@parveyfrankel.com